**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X    21-42857-206
**In re:**
      **Evis Neverlane Stephens,**
              **Debtor.**
                                              **Chapter 13**
-------------------------------------------------------X

## Affirmation in Opposition to the Motion to Lift Stay

Evis Neverlane Stephens opposing the motion of 12706 Holdings Inc. the undersigned counsel respectfully submit as follows:

      Two racketeers, Maxine Bonaparte and Lez Antonio, through their enterprise 12706 Holdings Inc and through racketeering means grabbed the debtor's house and now wants this Court to lift the stay, so that they could obtain physical possession of their loot. This should not be endured by this Court and nor should a relief be granted on that basis. It would be rewarding crime.

      A complaint has been commenced in our Court against the movant, 12706 Holdings (case No. 22-01037). **Ex. 1**. And the same is incorporated here as an objection to the motion. The deed transfer has been rescinded pursuant to section 265-a of NY RP and now with the said adversary proceeding, we are requesting the court to compel the same. These issues are important and must guide the Court while considering this inequitable motion of Holdings.

      Every litigant seeking relief to foreclose and thus be released from the injunction of the automatic stay, must, at a minimum, establish the validity and perfection of its security interest; the amount of the debt and other allowable costs secured by its secured claim; and, must carry the ultimate burden of proof with respect to equity. *United Companies Fin. Corp. v. Brantley*, 6 B.R. 178, 184 (Bankr. N.D. Fla. 1980). The issues that we are raising in the Adversary Complaint needs to be decided before this motion. Ex. A. As this motion hearing alone would not be able to provide the entire factual details necessary to form an option. "In view of the ostensible intent of s 362

1

that stay relief proceedings are not appropriate for the complete hearing and determination of any issues largely collateral or unrelated to lack of adequate protection, equity, necessity or other cause for relief from the stay, the court sustained the plaintiff's objection to the defendant's motion to consolidate and present extensive additional evidence either affirmatively or by way of counterclaim in support of the usury and churning objections to the plaintiff's claim*." United Companies Fin. Corp. v. Brantley*, 6 B.R. 178, 182 (Bankr. N.D. Fla. 1980)

Once the debtor institutes an adversary proceeding, "the burden would be on the creditor claiming an interest in the debtor's property to prove the validity of its lien. *See H.J. Butler & Bro., Inc. v. Irving Trust Co. ( In re Friedal Corp.),* 53 F.2d 758 (2d Cir.1931) (citing *Brandt v. City of New York,* 110 A.D. 396, 97 N.Y.S. 280, *aff'd,* 186 N.Y. 599, 79 N.E. 1101 (1906))." When debtor's defense to motion for relief from automatic stay contests validity of creditor's lien, as distinguished from amount of lien, court should entertain issue. *In re Dino & Artie's Automatic Transmission Co., Inc*. 68 B.R. 264 Bkrtcy.S.D.N.Y.,1986.

The racketeers took over the property under false pretense to do a loan modification of the Debtor's loan and then made her sign papers under threat of eviction. Also, they moved to sell the property. These racketeers bought a property worth $850,000 for $350,000 and now wants the real owner of the property out of her house. So that they could reap their $500,000 in profits.

A proper complaint has been filed against the Holdings and its owners. "An action for damages or equitable relief for violations of Real Property Law § 265–a may be commenced against, among others, a person who in any manner solicits, induces, arranges, or causes any equity seller to transfer title ... to [a] residence in foreclosure" *Edelman v. Berman,* 195 A.D.3d 995, 997, 151 N.Y.S.3d 123, 126 (2021)( (Real Property Law § 265–a[2][j]; *see id.* § 265–a[2][e]; [9]).

Holdings took over the house of Ms. Stephens fraudulently without taking mandatory compliance with Home Equity Theft Prevention Act (HETPA), NY REAL PROP § 265-a. The legislature enacted the Home Equity Theft Prevention Act ("HETPA") as "a remedial statute, designed to stem an anticipated rise in so-called 'mortgage rescue' schemes, and its provisions should be liberally construed in favor of equity sellers." *Lucia v. Goldman*, 68 A.D.3d 1064, 893 N.Y.S.2d 90 (2d Dept. 2009), *on subsequent appeal, 145 A.D.3d 767,* 44 N.Y.S.3d 89 (2d Dept. 2016). Ms. Stephens was in forclosure and she trusted the racketeers and they exploited her vulnerability and trust. Underlying purpose of the Home Equity Theft Prevention Act (HETPA) was to afford greater protections to homeowners confronted with foreclosure. First Nat. Bank of Chicago v. Silver (2 Dept. 2010) 73 A.D.3d 162, 899 N.Y.S.2d 25

The deed transfer to the racketeers and their enterprise 12706 Holdings is void. Holding is not a purchaser for value, rather it is a devise used by the racketeers to take over the property of the Debtor. The Movant used a contract to take over the property. "The contract of sale in this case is a "covered contract" under this statute because it was incident to the sale of a residence in foreclosure (Real Property Law § 265–a(2)[c]." *Washington Mut. Bank v. Sholomov,* 20 Misc. 3d 773, 778, 862 N.Y.S.2d 890, 894 (Sup. Ct. 2008).

Section 541 states that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Possessory interests are among the property interests included. *See Convenient Food Mart No. 144, Inc. v. Convenient Indus. of Am., Inc.,* 968 F.2d 592, 594 (6th Cir.1992). "It is well-established that possessory interests in property invoke procedural due process protections." *Thomas v. Cohen,* 304 F.3d 563, 576 (6th Cir. 2002) (citing *See Fuentes v. Shevin,* 407 U.S. 67, 87, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)).

The possessory interest here is the right interest and it is more than a mere possessory interest. It is the interest of possession and ownership that the Debtor is still waiting for to be transferred to her. She was the owner; the ownership was transferred for and under the guidance of the foreclosure rescue experts. She was told that she would be regranted her ownership once the loan issues are resolved.

What the movants did here was horrible. They preyed upon the vulnerability of a homeowner facing foreclosure. Indeed; law enforcement agencies have obtained criminal convictions of fraudsters in some places. See, e.g., *U.S. v. Fiumano,* 721 Fed. Appx. 45 (2d Cir. Jan 23, 2018) (affirming conviction and sentence for wire fraud in connection with advance-fee loan modification scheme); *Moore v. United States,* 2001 WL 4625952 (S.D.N.Y. Oct. 5, 2011) (denying motion to set aside conviction stemming from defendant's participation in foreclosure rescue scam). See also Press Release, California Department of Justice, Attorney General Becerra Announces Sentencing in $4 Million Southern California Mortgage Fraud Scheme (Feb. 13, 2019) (prison term and restitution ordered for scammers that charged thousands of dollars for bogus legal assistance). See, e.g., *United States v. Helton*, 2010 WL 345896 (N.D. Ill. Jan. 21, 2010) (ruling on various motions in limine against individuals charged with running a fraudulent foreclosure rescue operation). Defendants in *United States v. Helton* were later convicted of multiple counts of mail and wire fraud stemming from the submission of falsified documents used to procure rescue loans. Local legal aid attorneys worked with the U.S. Attorney to coordinate some of the witnesses who testified in the trial and on whose behalf they filed civil actions to quiet title. See also *In re Nina,* 562 B.R. 585 (Bankr. E.D.N.Y. 2016) (U.S. Trustee action against foreclosure rescue scammers who engaged in fraudulent and deceptive activities by filing forged chapter 13 petitions to stop foreclosures).

Here in this the movant ran a foreclosure rescue scam and also have a recruited attorney to be involved in the operation, called Charles Mester. Gov't Accountability Office, *Foreclosure Rescue Schemes Have Become More Complex, and Efforts to Combat Them Continue*, GAO-14-17 (Oct. 29, 2013) (finding "[f]oreclosure rescue schemes remain at historically high levels and have become more complex"), available at www.gao.gov; Amanda Abrams, *Foreclosure Crisis Spawns a Wave of Rescue Scams*, Washington Post, Jan. 18, 2013, available at www.washingtonpost.com; Creola Johnson, Stealing the American Dream: Can foreclosure-rescue companies circumvent new laws designed to protect homeowners from equity theft?, 2007 Wis. L. Rev. 649, 656–659 (2007) (discussing how market conditions facilitate exploitation of vulnerable homeowners).

Here, there is no bonafide transfer of deed—the transfer is void. And there is no bonafide purchaser here. 12706 Holdings is not a bonafide purchaser. See, e.g., *Cain v. Bethea*, 2007 WL 2859681 (E.D.N.Y. Aug. 17, 2007), adopted in part and rev'd in part on other grounds, 2007 WL 2846914 (E.D.N.Y. Sept. 26, 2007); *Ortiz v. Silver Inv'rs*, 87 N.Y.S.3d 50, 52 (N.Y. App. Div. 2018) ("If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing"); *M. M. & G., Inc. v. Jackson*, 612 A.2d 186 (D.C. 1992); *Harding v. Ja Laur Corp.*, 315 A.2d 132 (Md. Ct. Spec. App. 1974); *Robinson v. Leone*, 2007 WL 624690 (Mich. Ct. App. Mar. 1, 2007). See also *Ward v. Gray*, 374 A.2d 15 (Del. Super. Ct. 1977) (when there is no jurisdiction to conduct a sale due to fraud or failure to meet notice requirements, the sale is void and any resulting title is a nullity).

The movant is a racketeering enterprise, engineered to take over the property of the Debtor by deceptive means. See *Cain v. Bethea*, 2007 WL 2859681 (E.D.N.Y. Aug. 17, 2007) (citing

cases), adopted in part and rev'd in part on other grounds, 2007 WL 2846914 (E.D.N.Y. Sept. 26, 2007); *Wells Fargo Bank v. Edsall,* 880 N.Y.S.2d 877 (N.Y. Sup. Ct. 2009) (deeds that are forged or executed under false pretenses constituting fraud in the factum are void ab initio, and interests of subsequent bona fide purchasers or encumbrancers are not protected, but fraudulently induced deed is merely voidable).

The movant clams that the debtor's interest is "tenuous." However, what is at stake here is not tenuous, but far more grave and real interest. What Ms. Stephens was signing was not change of ownership of the house, but was signing for refinancing of her house, a loan modification. She never ever wanted to lose the ownership of the house. See *Cain v. Bethea*, 2007 WL 2859681 (E.D.N.Y. Aug. 17, 2007) (citing cases), adopted in part and rev'd in part on other grounds, 2007 WL 2846914 (E.D.N.Y. Sept. 26, 2007) (declining to recommend summary judgment when homeowner claimed that she believed the papers she was signing were a refinance, not a deed).Here Holdings is not a third party, but an extension of Maxne Bonaparte and Woodburn. See *Calvagno v. Bisbal,* 430 F. Supp. 2d 95 (E.D.N.Y. 2006) (third party who was informed of serious issues that surrounded the property cannot be a bona fide purchaser).

The Debtor has already rescinded the transfer of the Deed. New York's statute provides that a noncomplying contract can be rescinded for up to two years after the conveyance is recorded. N.Y. Real Prop. Law § 265-a(8) (McKinney). Hence there is nothing left here for the movant**. Ex. 2.** Wherefore this motion be denied n its entirety pending the resolution of the underlying adversary proceeding.

Dated: New York New York                                        /s/      Karamvir Dahiya
                                                                                       Dahiya Law Offices, LLC
                                                                                       75 Maiden Lane Suite 606
                                                                                       New York New York 10038
                                                                                       Tel: 212 766 8000