```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    CHAPTER 13

IN RE:                                                          CASE NO. 21-42857-jmm

    Evis Neverlane Stephens,
                                                                HON JUDGE:
                                                                Jil Mazer-Marino

                            Debtor.
-----------------------------------------------------------X
```

# REPLY TO DEBTOR'S AFFIRMATION IN OPPOSITION
# TO MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY

I, Katherine Heidbrink, an attorney at law admitted to practice before the Courts of the State of New York and the U.S. Bankruptcy Court for the Eastern District of New York, hereby certify the following to be true and correct under penalty of perjury:

1. I am an associate with Friedman Vartolo LLP, attorneys for AMIP Management as servicer for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-D ("AMIP" or "Secured Creditor").

2. This Reply is based on my diligent review of the instant bankruptcy docket, of our firm's records kept in the course of its regularly conducted business activities, and of AMIP's records kept in the course of its regularly conducted business activities.

3. On April 28, 2022, Secured Creditor filed a Motion to Confirm Absence of the automatic stay (ECF Doc. No. 32, the "Motion") concerning the property located at 1487 East 53rd Street, Brooklyn, NY 11234 (the "Property"). *Inter alia,* the Motion requested confirmation that the automatic stay was not in effect upon the filing of the instant bankruptcy case, given the Debtor's lack of ownership or possessory interest in the Property. Alternatively, the Motion requests stay relief due to the ongoing lack of post-petition mortgage payments in this Ch. 13 case, *inter alia.*

4. On May 9, 2022, the Debtor filed an Affidavit in Opposition to the Motion (ECF Doc. No. 34, the "Objection"). The Objection does not allege that the Debtor has made any post-petition mortgage payments in this case.

5. The Objection also does not address AMIP, the Property, or the factual statements and argument in the Motion. Instead, the Objection appears wholly related to the property commonly known as 127-06 77th Street, Jamaica, NY 11434 (the "Unrelated Property"), in which AMIP has no interest.

6. Upon information and belief, the Objection was inadvertently filed concerning the Motion. It appears that the Objection was likely intended as opposition to the Motion to Vacate the Automatic Stay with Prejudice filed by unrelated party 12706 Holdings Inc. concerning the Unrelated Property (ECF Doc. Nos. 25 and 30), rather than opposition to the Motion.

7. AMIP takes no position regarding the allegations in the Objection concerning the Unrelated Property.

8. However, AMIP opposes the Objection's request that its Motion be delayed until the issues in the adversary proceeding are decided.

9. First, the Debtor has not provided any evidence of post-petition mortgage payments paid during the instant bankruptcy case. As such, Secured Creditor is entitled to stay relief, for cause, pursuant to 11 U.S.C. § 362(d)(1).

10. Second, the Debtor has not rebutted Secured Creditor's statement of facts explaining that the Debtor did not have any ownership or possessory interest in the Property at the time this case was commenced, and explaining that the Debtor is not a party to Secured Creditor's loan. As such, Secured Creditor respectfully requests that its Motion be granted on the merits.

11. In *In re Kolnberger,* 603 B.R. 253 (Bankr. E.D.N.Y. 2019), the mortgage servicer filed a Motion for Relief under 11 U.S.C. § 362(d)(1), *inter alia.* In objection to the Motion for Relief, that debtor asserted that the mortgage servicer's failure to offer a loan modification, and various other alleged RESPA loan servicing violations, constituted an affirmative defense to the

mortgagee's right to post-petition mortgage payments. The debtor also alleged that she had a right to setoff due to the alleged RESPA loan servicing violations.

12. In *Kolnberger,* Judge Trust held that alleged RESPA violations did not constitute a defense to the mortgage servicer's prima facie case for stay relief. *Id.* Additionally, Judge Trust noted the summary nature of stay litigation, holding:

> *...As this Court has previously stated, "Congress intended that stay relief litigation be summary in fashion and expeditious in time. This is due in part to the stay being an injunction imposed by the mere filing of a bankruptcy case, and the recognition that granting stay relief returns the parties to the auspices of a court of competent jurisdiction to determine, on the merits, the relative rights, liabilities and responsibilities of the parties. Congress manifested this intention, in part, by requiring that stay relief motions be heard and determined within thirty days from filing of the motion, unless the court determines within such thirty days that the party opposing stay relief has demonstrated a 'reasonable likelihood' that it will prevail at the conclusion of a final hearing; such a final hearing is to then be held within thirty days thereafter. 11 U.S.C. § 362(e).* In re Escobar, *457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011); accord* In re Sterling*, Case No. 14–12608–shl, 2018 WL 313085 (Bankr. S.D.N.Y. Jan. 5, 2018).*
> *Additionally, other courts have stated that "at hearings on relief from stay, the only issue will be the lack of adequate protection, the debtor's equity in the property and the necessity of the property to an effective reorganization of the debtor, or the existence of other causes for relief from stay. This hearing will not be the appropriate time in which to bring in other issues such as counterclaims against the creditor, which although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters."* In re Shehu*, 128 B.R. 26, 28 (Bankr. D. Conn. 1991) (quoting S. Rep. No. 989, 95th Cong., 2nd Sess. 55, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5841).*
> *Id.* at 264-265.

13. Secured Creditor respectfully submits that the issues raised in the Objection are precisely the sort of collateral issues that are ancillary to stay relief. The Objection does not assert that the Debtor has made post-petition mortgage payments to counter the Motion. As such, by the Debtor's own admission, Secured Creditor's prima facie case for relief in its Motion is grounds for immediate confirmation that the automatic stay did not take effect as to Secured Creditor and as to the Property, or, alternatively, for stay relief as to Secured Creditor and as to the Property.

**WHEREFORE**, Secured Creditor respectfully requests that its Motion be granted over the Debtor's Objection; and for such other, further, and different relief as this Court may deem

just, proper, and equitable.

Dated: Garden City, New York
       May 18, 2022

                                                By: /s/ Katherine Heidbrink
                                                Katherine Heidbrink, Esq.
                                                FRIEDMAN VARTOLO LLP
                                                Attorneys for Secured Creditor
                                                1325 Franklin Ave., Suite 160
                                                Garden City, NY 11530
                                                T: (212) 471-5100
                                                F: (212) 471-5150

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    CHAPTER 13

IN RE:                                                          CASE NO. 21-42857-jmm

    Evis Neverlane Stephens,
                                                                HON JUDGE:
                                                                Jil Mazer-Marino

                                                 Debtor.
-----------------------------------------------------------X

## **CERTIFICATION OF SERVICE**

      I, Katherine Heidbrink, certify under penalty of perjury, that on May 18, 2022 I caused to be served a true copy of the annexed REPLY TO DEBTOR'S AFFIRMATION IN OPPOSITION by mailing by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service addressed to the last known address of the addressee, and the property address as indicated on the attached Service List annexed hereto.

                                                  By: /s/ Katherine Heidbrink
                                                  Katherine Heidbrink, Esq.
                                                  FRIEDMAN VARTOLO LLP
                                                  1325 Franklin Ave., Suite 160
                                                  Garden City, NY 11530
                                                  T: (212) 471-5100
                                                  F: (212) 471-5150

# SERVICE LIST

Evis Neverlane Stephens
127-06 177 Street
Jamaica, NY 11434
***Debtor***

Nicole Bridges
1487 East 53rd Street
Brooklyn, NY 11234
***Borrower***

John Clark
1487 East 53rd Street
Brooklyn, NY 11234
***Alleged Occupant***

Deutsche Bank National Trust Company,
as Trustee for Morgan Stanley Ixis Real
Estate Capital Trust 2006-2 Mortgage Pass
Through Certificates, Series 2006-2
1661 Worthington Rd., Ste. 100
West Palm Beach, FL 33409
***Owner***

Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane
Ste 606
New York, NY 10038
***Debtor's Attorney***

Michael J. Macco
2950 Express Drive South
Suite 109
Islandia, NY 11749
***Trustee***

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
***U.S. Trustee***

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

12706 Holdings Inc.
Law Offices of Charles Wertman P.C.
100 Merrick Road, 304W
Rockville Centre, NY 11570