**Hearing Date:**
July 21, 2026 at 10:00 AM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In Re:

Case No: 21-42857

EVIS NEVERLANE STEPHENS,

Chapter 13

Debtor.

-----------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF MOTION TO REVIEW OF ATTORNEY FEES**

Peter Corey, Esq., staff attorney to Krista M. Preuss, Standing Chapter 13 Trustee and Trustee (the "Trustee") in the above-captioned estate, respectfully represents the following:

1. The Trustee hereby interposes this Affirmation In Support of the Debtor's Motion to Review Attorney Fees dated June 10, 2026 (Dkt. 78) (the "Motion"). The Motion was filed by the Debtor in this proceeding seeking review of the fees of Karamvir Dahiya (hereinafter "Counsel"), Debtor's counsel in this proceeding.

2. The Trustee submits this Affirmation in Support of the Motion and in opposition to Counsel's fees to the extent Counsel received more money than disclosed on the Form 2030-Disclosure of Compensation of Attorney for Debtor filed in this case on December 6, 2021 (the "2016(b) Statement") and received $15,000.00 post-petition from the Debtor and Debtor's family members ("Post-Petition Funds") without Court approval and without the filing of required disclosures pursuant to Fed. R. Bankr. P. 2016(b). To the extent either of the aforementioned occurred, the fees should be denied in their entirety. The basis for the aforementioned are contained in the exhibits to the Debtor's Motion.

## BACKGROUND

3. This case was commenced by the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code on November 15, 2021 (the "Filing Date").

4. On December 16, 2021, Counsel filed the 2016(b) Statement (Dkt.9) where he disclosed that he received $7,000.00 in fees within one year prior to the bankruptcy filing. (A copy of the 2016 Statement is annexed hereto as **Exhibit "A"**).

5. On December 5, 2022, Counsel filed a claim in this case in the amount of $50,000.00 (Claim 6-1), which is annexed hereto as **Exhibit "B"**.

6. Annexed as Exhibits to the Motion, are copies of three checks made payable from the Debtor to Counsel totaling $12,000.00; check number 776, dated May 26, 2021 in the amount of $7,000.00; check number 778, dated June 8, 2021 in the amount of $2,000.00; and check number 780, dated July 13, 2021 in the amount of $3,000.00 (collectively, the "Pre-Petition Checks"). The Pre-Petition Checks are dated within one year before the Filing Date and are annexed hereto as **Exhibit "C"**.

7. Also annexed to the Motion are copies of two cashier's checks payable to Karam Dahiya totaling $15,000.00; check ending in 746 dated June 23, 2023 in the amount of $7,500.00 remitted by the Debtor; and check ending in 913 dated June 26,2023 in the amount of $7,500.00 remitted by Calvin Stephens (collectively, the "Post-petition Checks"). The Post-Petition Checks are dated after the Filing Date and during the pendency of this proceeding. The Post-Petition Checks are annexed hereto as **Exhibit "D"**.

8. The Pre-Petition Checks and the Post-Petition Checks total $27,000.00. The Motion signed by the Debtor claims that the Debtor paid counsel a total of $27,000.00. This amount is in stark contrast to the 2016(b) Statement.

9. There has been no fee application filed by Counsel in this matter.

**DISCUSSION**

10. "[A] chapter 13 debtor has the right to employ counsel so long as the following two requirements are met: 1) [disclosure of] compensation paid or agreed to be paid pursuant to section 329 and 2) . . . approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B)." In re Gorski, 519 B.R. 67, 71 (Bankr. S.D.N.Y. 2014).

11. Pursuant to 11 U.S.C. §329(b), a Court may cancel any agreement or order the return of any such part of an agreement for compensation of a debtor's attorney if such compensation exceeds the reasonable value to any such services. *See* 11 U.S.C. §329(b).

12. An important part of the Chapter 13 Trustee's role in supervising the administration of bankruptcy cases involves a review of debtor's attorney fees. *See In re Grant*, 14 B.R. 567, 568 (Bankr. S.D.N.Y. 1981)(citing *In re Butchman*, 13 B.R. 452 (Bankr. S.D.N.Y. 1980)).

13. As an initial matter, if the allegations contained in the Motion are correct, the 2016(b) Statement was not accurate when filed by Counsel.

14. Furthermore, Counsel's failure to disclose the receipt of Post-Petition Funds undermines the Court's ability to fulfill its supervisory role with respect to the financial transactions between the Debtor and Counsel. *See In re McCoy*, 430 B.R. 336 (Bankr. E.D. Pa. 2009).

15. Counsel has an affirmative duty under Section 329(a) and Rule 2016(b) to disclose fully and completely all fee arrangements and payments. *See* 11 U.S.C. §329(a); Rule 2016(b); *see also In re Gore*, No. 07-21103REF, 2008 Bankr. LEXIS 3192, at *8 (Bankr. E.D. Pa. Nov. 25, 2008) citing *In re Kisseberth*, 273 F.3d 714, 720 (6th Cir. 2001).

16. Section 329(a) provides, in relevant part:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

17. Rule 2016(b) implements this requirement and mandates that counsel for debtors file the statement required under Section 329(a) within fourteen days after the order for relief is entered. Rule 2016(b) further requires that counsel for debtors file a supplemental statement within fourteen days after *any additional payment or agreement to pay additional fees* not previously disclosed.

18. Further, it is settled that:

> [d]isclosure of compensation pursuant to § 329 and Rule 2016(b) is mandatory, not permissive. The Bankruptcy Code requires fee disclosure so that courts can prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid. Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.

*In re CLST Enters., LLC*, 672 B.R. 187, 198 (Bankr. S.D.N.Y. 2025) quoting *In re Ortiz*, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013).

19. "The duty of disclosure imposed by Rule 2016(b) is a continuing one. If a debtor's attorney subsequently receives funds, the attorney must make the required disclosure by supplementing any prior disclosure." *Id.* at 198 quoting 9 Collier on Bankruptcy ¶ 2016.17, at 2016-20.

20. "An attorney who fails to comply with the requirements of Section 329(a) or Rule 2016(b) is subject to forfeiture of any right to receive compensation for services rendered on behalf of the debtor, and the disgorgement of any funds already paid by the debtor." *In re Gore*, 2008

Bankr. LEXIS 3192 at *10 (Bankr. E.D. Pa. Nov. 25, 2008) (internal quotation omitted); *see also In re CLST Enters., LLC*, 672 B.R. at 198 ("Failure to comply with section 329 and Bankruptcy Rule 2016(b) is grounds to deny all fees and costs sought by counsel.").

21. "The fact that the fee may or may not have been reasonable or have been earned does not justify a disregard for the rules of disclosure." *In re Woodward*, 229 B.R. 468, 475 (Bankr. N.D. Okla. 1999).

22. The decision whether to disallow compensation or order disgorgement of compensation already paid lies within the broad discretion of the bankruptcy court. *In re Gore*, 2008 Bankr. LEXIS 3192, at *10-11 (Bankr. E.D. Pa. Nov. 25, 2008). The Court may "exercise this discretion and order disgorgement of fees whether actual harm does or does not accrue to the bankruptcy estate." *Id.* at *25 (internal citation omitted).

23. Counsel's failure to file statements disclosing the compensation she received from Debtor is alone sufficient grounds to sanction Counsel and disgorge attorney's fees. *See, In re Bell*, 212 B.R. 654 (Bankr. E.D. Cal. 1997) (finding an attorney may be denied all compensation by failing to file a statement of compensation); *In re TJN. Inc.*, 194 B.R. 400 (Bankr. D.S.C. 1996) (finding the court has discretion to reduce attorneys' fees when an attorney fails to timely file a statement of compensation); *In re Hackney*, 347 B.R. 432, 442-443 (Bankr. M.D. Fla. 2006) (holding "[ t]he disclosure requirements imposed by § 329 are mandatory.... [a]ttorneys who fail to disclose compensation timely should suffer strict and quick consequences including the imposition of sanctions or the disgorgement of all fees paid in the case").

24. Moreover "a finding of willfulness is not required; '[d]isgorgement may be proper even though the failure to [comply with the Code and Rules] resulted . . . from negligence or

inadvertence.'" *In re CLST Enters., LLC*, 672 B.R. at 198 quoting *In re Chatkhan*, 496 B.R. 687, 695 (Bankr. E.D.N.Y. 2012).

25. In the case at bar, the Motion raises serious concerns that Counsel did not disclose all fees received at the time he filed the 2016(b) Statement and that Counsel further received unapproved, Post-Petition Funds without proper disclosure. The Pre-Petition Checks total $12,000.00 while Counsel's 2016 Statement discloses only $7,000.00. The Post-Petition Checks total $15,000.00 and there was no disclosure of these fees whatsoever. Had the Debtor not alerted this Court of said payments, it may have never been discovered as, to date, there has been no disclosure from Counsel of receipt of the Post-Petition Funds.

26. Counsel's glaring and continuing non-disclosure of the receipt of Post-Petition Funds are grounds for denial of all fees, as a bankruptcy court may deny an attorney all compensation based upon the failure to satisfy § 329(a) and Rule 2016(b), and the Court need not find that the fees requested are excessive. *See, In re Chatkhan*, 496 B.R. 687, 696 (Bankr. E.D.N.Y. 2012)(internal citation omitted).

27. Regardless of the value of Counsel's services, Counsel has ignored his affirmative duty under Section 329(a) and Rule 2016(b) to disclose fully and completely the funds he received from Debtor or on behalf of the Debtor. "The fact that the fee may or may not have been reasonable or have been earned does not justify a disregard for the rules of disclosure," *Woodward*, 229 B.R. at 475, and does not grant Counsel immunity from sanctions and disgorgement for violating Section 329(a) and Rule 2016(b).

28. This matter is akin to a recent decision where the United States Trustee ("UST") sought disgorgement of a retainer fee and the disallowance of Debtor's Counsel's entire fee

application for non-disclosure. *See, In re CLST Enters., LLC*, 672 B.R. 187, 192 (Bankr. S.D.N.Y. 2025).

29. In that matter, Debtor's counsel failed to file a supplemental 2016(b) statement disclosing a post-petition retainer of $30,000.00, but rather later disclosed said retainer in a monthly operating report over a year after receipt and after the firm was advised by the UST that it failed to timely file a supplemental declaration. The Court found that "failure to disclose a retainer in compliance with the Bankruptcy Code and Bankruptcy Rule 2016(b) is not satisfied or excused by disclosing the retainer in other filings." *Id.* at 200. The Court ultimately concluded that while it was within its authority to deny all fees requested by debtor's counsel for non-disclosure, disgorgement of the post-petition retainer due to insufficient disclosures and the reduction of the overall compensation to the amount of the pre-petition retainer was appropriate in that matter. *Id.* at 202.

30. Like in *In re CLST Enters., LLC*, the Post-Petition Funds here were not disclosed or even recognized until the Debtor filed the Motion in this proceeding.

31. Finally, the Trustee consents to Counsel's request for an adjournment (Dkt.81). To the extent this matter is adjourned, the Trustee requests that it be adjourned to a date the Trustee is scheduled to be before this Court.

## CONCLUSION

WHEREFORE, the Trustee requests that the Court review the fees in this proceeding and to the extent there were violations by Counsel deny said fees and provide such other and further relief as the Court finds suitable.

Date: Jericho, New York
July 17, 2026

Office of the Chapter 13 Trustee

/s/ Peter Corey
PETER COREY, STAFF ATTORNEY
KRISTA M. PREUSS, CHAPTER 13 TRUSTEE
100 Jericho Quadrangle, Ste 127
Jericho, NY 11753

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
IN RE:

EVIS NEVERLANE STEPHENS,

Debtor.
---------------------------------------------------------X

Chapter 13
Case No: 8-21-42857

CERTIFICATE OF SERVICE

I, Peter Corey, declare under penalty of perjury that I have sent the attached document to the below listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Notice by first class mail was sent to the following persons/entities:

Evis Neverlane Stephens
127-06 177 Street
Jamaica, NY 11434

Notice by electronic transmission generated by the ECF system to the following persons/entities pursuant to Bankruptcy Rule 9036:

Karamvir Dahiya
Dahiya Law Offices LLC
Email: karam@dahiya.law

Transmission times for electronic delivery are Eastern Time zone.

This July 17, 2026

*s/ Peter Corey*
Peter Corey, Staff Attorney
Office of the Standing Chapter 13 Trustee
Krista M. Preuss, Esq.
100 Jericho Quadrangle, Ste. 127
Jericho, NY 11753
(516) 622-1340

# EXHIBIT

# "A"

12/06/21 10:29AM

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of New York

| | | | |
|---|---|---|---|
| In re | Evis Neverlane Stephens | Case No. | 1-21-42857 |
| | Debtor(s) | Chapter | 13 |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 0.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 0.00 |

2. The source of the compensation paid to me was:

   ☐ Debtor ■ Other (specify): **The Debtor had paid $7000 as an initial retianer [hourly] for making claims against perpetrator fraud upon, loss of her property, claims under civil rico and hobbs act.**

3. The source of compensation to be paid to me is:

   ☐ Debtor ■ Other (specify): **The debtor has agreed to pay as per the retainer.**

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Governed according to the signed retainer**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 6, 2021**
*Date*

**/s/ Karamvir Dahiya**
**Karamvir Dahiya**
*Signature of Attorney*
**Dahiya Law Offices, LLC**
**75 Maiden Lane Suite 606**
**New York**
**New York, NY 10038**
**2127668000 Fax: 2127668001**
**karam@bankruptcypundit.com**
*Name of law firm*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

# EXHIBIT

# “B”

**Fill in this information to identify the case:**

Debtor 1 Evis Neverlane Stephens

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Eastern District of New York

Case number 21-42857

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Dahiya Law Offices LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent? (if different)** |
|---|---|
| Name: Dahiya Law Offices LLC | Name: |
| Number Street: 75 Maiden Lane Suite 606 | Number Street: |
| City: New York State: NY ZIP Code: 10038 | City State ZIP Code |
| Contact phone: 2127668000 | Contact phone: |
| Contact email: karam@dahiya.law | Contact email: |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. **How much is the claim?** | $ 50,000.00. **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>Attorney's fees |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: ____________<br>**Basis for perfection:** ____________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $________<br>**Amount of the claim that is secured:** $________<br>**Amount of the claim that is unsecured:** $________(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $________<br>**Annual Interest Rate** (when case was filed)_______%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $________ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: ____________ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(2) that applies. | $ 50,000.00 |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 12/05/2022
MM / DD / YYYY

/s/karamvirdahiya
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Karamvir (First name) — Middle name — Dahiya (Last name)

Title:

Company: Dahiya Law Offices, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 75 Maiden Lane Suite 606
Number Street

New York (City) NY (State) 10038 (ZIP Code)

Contact phone: 212 766 8000 Email:

# EXHIBIT

# "C"

**EVIS STEPHENS**
12706 - 177TH ST.
JAMAICA, NY 11434-3307

1-2/210 47175 No. 780

Date 7.13.21

Pay to the order of Dahiya Law Group LLC $ 3000.00/xx

Three Thousand. 00/xx Dollars

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

Memo Attorney

Evis Stephens

⑆021000021⑆ [redacted] 2798⑈0780

---

**EVIS STEPHENS**
12706 - 177TH ST.
JAMAICA, NY 11434-3307

1-2/210 47175 No. 778

Date 6-8-21

Pay to the order of Dahiya law offices LLC $2000.00

Two thousand Dollars

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

Memo Attorney

Evis Stephens

⑆021000021⑆ [redacted] ⑈0778

---

**EVIS STEPHENS**
12706 - 177TH ST.
JAMAICA, NY 11434-3307

1-2/210 47175 No. 776

Date 5/26-21

Pay to the order of Dahiya law Offices LLC $ 7000.00

Seven thousand Dollars

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

Memo Attorney

Evis Stephens

⑆021000021⑆ [redacted] ⑈0776

# EXHIBIT
# "D"

CHASE

**Terms and Conditions (Remitter and Payee):**

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned" if the Cashier's Check is not cashed by a certain time
  - Please cash/deposit this Cashier's Check as soon as possible to prevent this from occurring
  - In most cases, the funds will be considered "abandoned" before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
  - Stop Payment can only be placed if the Cashier's Check is lost, stolen, or destroyed
  - We may not re-issue or refund the funds after the stop payment has been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check or for any other information about this item

**FOR YOUR PROTECTION SAVE THIS COPY**

**CASHIER'S CHECK**

**Customer Copy**

9878442746

06/23/2023

Void after 7 years

**Remitter:** EVIS STEPHENS

$** 7,500.00 **

**Pay To The Order Of:** KARAM DAHIYA

CHASE

**Terms and Conditions (Remitter and Payee):**

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned" if the Cashier's Check is not cashed by a certain time
    - Please cash/deposit this Cashier's Check as soon as possible to prevent this from occurring
    - In most cases, the funds will be considered "abandoned" before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
    - Stop Payment can only be placed if the Cashier's Check is lost, stolen, or destroyed
    - We may not re-issue or refund the funds after the stop payment has been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check or for any other information about this item

**FOR YOUR PROTECTION SAVE THIS COPY**

**CASHIER'S CHECK**

**Customer Copy**

9780630913

06/26/2023

Void after 7 years

**Remitter:** CALVIN STEPHENS

**Pay To The Order Of:** KARAM DAHIYA

$** 7,500.00 **

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

IN RE:

EVIS NEVERLANE STEPHENS,

Debtor.
-----------------------------------------------------------X

Chapter 13
Case No: 8-21-42857

CERTIFICATE OF SERVICE

I, Peter Corey, declare under penalty of perjury that I have sent the attached document to the below listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Notice by first class mail was sent to the following persons/entities:

Evis Neverlane Stephens
127-06 177 Street
Jamaica, NY 11434

Notice by electronic transmission generated by the ECF system to the following persons/entities pursuant to Bankruptcy Rule 9036:

Karamvir Dahiya
Dahiya Law Offices LLC
Email: karam@dahiya.law

Transmission times for electronic delivery are Eastern Time zone.

This July 17, 2026

s/ *Peter Corey*
Peter Corey, Staff Attorney
Office of the Standing Chapter 13 Trustee
Krista M. Preuss, Esq.
100 Jericho Quadrangle, Ste. 127
Jericho, NY 11753
(516) 622-1340