UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:
Evis Neverlane Stephens, Chapter 13
Debtor. Case No.: 21-42857-jmm
----------------------------------------------------------------X

**DEBTOR'S SUPPLEMENTAL OBJECTION AND AFFIRMATION IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY (ECF NO. 53), IN LIGHT OF THE JULY 1, 2026 SUMMARY JUDGMENT DECISION AND THE MOTIONS RETURNABLE AUGUST 4, 2026**

Karamvir Dahiya, an attorney admitted to practice before this Court and counsel to the Debtor, Ms. Evis Neverlane Stephens, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 and respectfully submits this supplemental objection to the motion of Planet Home Lending LLC, as servicer (Wilmington Savings Fund Society, FSB, as trustee of Verus Securitization Trust 2020-NPL1), for relief from the automatic stay and the co-debtor stay as to the Debtor's residence at 127-06 177th Street, Jamaica, New York (ECF No. 53), scheduled to be heard on July 21, 2026:

**PRELIMINARY STATEMENT**

1. The landscape of this motion has changed — but in the Debtor's favor, not the movant's. This Court's July 1, 2026 Memorandum Decision and Order in the related adversary proceeding (Adv. Pro. No. 22-01037, ECF No. 185, the "SJ Decision") adjudicated that Ms. Stephens *is* an equity seller; that her home was a residence in foreclosure; that 12706 Holdings Inc. is an equity purchaser; that the Sale Contract was a covered contract that violated the Home Equity Theft Prevention Act; and that neither the Planet Defendants nor the Wilmington Defendants were good-faith encumbrancers under HETPA, because each held in its own file the documents triggering a duty of inquiry and made none. SJ Decision at 15–21. The movant thus seeks to foreclose upon a home that this Court has found was taken from the Debtor in a transaction violating New York law, on a mortgage this Court has found was extended without good-faith inquiry.

2. Two motions returnable August 4, 2026 — fourteen days after the hearing on this motion — will determine whether title to the residence revests in the Debtor: the motion for default judgment against the defaulted record title-holder and its principals (Adv. ECF No. 187), and the motion for reconsideration of the SJ Decision (Adv. ECF No. 186). Granting stay relief now would

decide those motions by foreclosure rather than adjudication, destroy the estate's principal asset, and moot the Court's own calendar. The motion should be denied or, at minimum, adjourned to travel with the August 4 motions.

## I. THE MOVANT CANNOT CARRY ITS § 362(d)(2) BURDEN: THE COURT'S OWN SUBROGATION HOLDING ESTABLISHES A SUBSTANTIAL EQUITY CUSHION

3. Under § 362(g)(1), the movant bears the burden on equity. *In re Elmira Litho, Inc.,* 174 B.R. 892, 900–02 (Bankr. S.D.N.Y. 1994). The SJ Decision holds that were the 2019 Mortgage avoided, "Wilmington, as successor to Planet Management, would have been entitled to an equitable subrogation lien on the Residence" — a lien measured by the sums actually applied to the Debtor's benefit, approximately $337,541 used to satisfy her 2006 mortgage. SJ Decision at 35, citing *Lucia v. Goldman,* 145 A.D.3d 767, 769 (2d Dep't 2016). The movant's own appraisal in the adversary record valued the residence at $765,000. On the Court's own framework, the protected position is approximately $337,541 against a property worth at least $765,000 — an equity cushion exceeding fifty-five percent.

4. A cushion of that magnitude is adequate protection as a matter of law, and defeats "cause" under § 362(d)(1) as well. See *In re Mellor*, 734 F.2d 1396, 1400–01 (9th Cir. 1984); *In re James River Assocs*., 148 B.R. 790, 796 (E.D. Va. 1992) (collecting cases); *Elmira Litho,* 174 B.R. at 904 (an equity cushion alone may constitute adequate protection). Default-rate accrual against a deep cushion is precisely the contingency the cushion protects against; it does not manufacture cause.

## II. THE DEBTOR WILL AMEND HER PLAN AND REFINANCE THE RESIDENCE TO PAY THE AMOUNTS THE DECISION PROTECTS — REORGANIZATION IS CONCRETELY IN PROSPECT UNDER § 362(d)(2)(B)

5. The Debtor, through the undersigned, hereby commits to this Court that she will amend her chapter 13 plan to provide for payment, through a refinance of the residence (or, failing refinance within the period the Court fixes, an orderly sale), of the full amount necessary under the SJ Decision's own framework — the equitable subrogation amount of approximately $337,541 applied to her benefit, together with such additional amounts, if any, as the Court determines are properly secured — with the balance of plan obligations paid through the trustee. The amended plan will be filed promptly, and in any event within fourteen days of the determination of the August 4 motions, so that the plan's treatment conforms to the state of title the Court fixes.

6. Refinance is realistic on these numbers: a loan of approximately $340,000–$400,000 against a residence the movant itself appraised at $765,000 is a conventional loan-to-value ratio, and the Debtor's household income (including the contributions of her husband, reflected in the record at ECF No. 19) supports it. The Debtor's husband assured he will pursue such refinancing immediately upon revesting of title, and consents to appropriate deadlines and reporting conditions in the order continuing the stay.

7. Under *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.,* 484 U.S. 365, 375–76 (1988), the Debtor must show a reasonable possibility of successful reorganization within a reasonable time. That showing is now calendared, not conjectural: (a) every substantive element of the HETPA claim against the record title-holder stands adjudicated in the Debtor's favor as law of the case — equity seller, equity purchaser, covered contract, no cancellation notice, SJ Decision at 15, 19–21; (b) the title-holder and its principals are in default, their defaults noted on the docket, and the default judgment motion seeking rescission and revesting of title — expressly subject to the equitable lien, the very tender architecture the SJ Decision endorsed — is returnable August 4, 2026 (Adv. ECF No. 187), answering the SJ Decision's own observation that no such motion had been made, SJ Decision at 6; and (c) the reconsideration motion (Adv. ECF No. 186) supplies the rescission proofs the SJ Decision found wanting, including counsel's § 1746 mailing affirmation and the Debtor's supplemental declaration.

## III. THE STAY PROTECTS THE DEBTOR'S POSSESSORY AND CLAIM INTERESTS REGARDLESS OF WHERE RECORD TITLE PRESENTLY SITS

8. The Debtor has been in open, continuous, exclusive possession of her home at all times. A debtor's possessory interest is itself property of the estate protected by § 362(a), whatever the state of record title. **In re 48th Street Steakhouse, Inc.,** 835 F.2d 427, 430 (2d Cir. 1987). So too the rescission and HETPA claims and the equitable interest in the residence — estate property under §§ 541 and 1306 whose value stay relief would destroy.

## IV. THE EQUITIES FORECLOSE RELIEF

9. Cause under § 362(d)(1) is an equitable determination. *Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The movant financed the very transaction this Court found violated HETPA, with the badges of a foreclosure-rescue scheme in its own file, and made no inquiry. SJ Decision at 16–19. The Debtor is a 68-year-old home health

aide in the fifth year of her chapter 13 case whose home — her sole significant asset — the record shows was conveyed for ten dollars against a $765,000 appraisal. Lifting the stay on the eve of the August 4 hearings would award by foreclosure what the movant could not win by motion. There is no prejudice in a fourteen-day accommodation: the cushion protects the movant, the Debtor maintains the property, and the Debtor is prepared to discuss reasonable adequate-protection terms pending determination of the August 4 motions.

**V. RELIEF REQUESTED**

10. For the foregoing reasons, and upon all prior oppositions of record (ECF Nos. 54, 56, and related filings), the Debtor respectfully requests that the Court: (a) deny the motion; or (b) in the alternative, adjourn the motion to August 4, 2026, to be heard together with Adv. ECF Nos. 186 and 187, upon such adequate-protection terms, if any, as the Court deems just; and (c) grant such other and further relief as is just and proper.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 20, 2026

*/s/ Karamvir Dahiya*
Karamvir Dahiya, Esq.
DAHIYA LAW OFFICES, LLC
111 John Street, Suite 1860
New York, New York 10038
(212) 766-8000 · karam@dahiya.law
Counsel to the Debtor